HARDY, Judge.
This is a suit by plaintiff for the recovery of damages . for the loss of five head of cattle and for other items of damage to property, etc., allegedly caused by defendant in the course of operations in laying pipelines across property of plaintiff. After trial there was judgment in favor of plaintiff in the sum of $1,000.00 representing the value of the cattle, and disallowing all other claims, from which judgment defendant has appealed. Plaintiff has answered the appeal seeking an increase to the full amount originally prayed.
Plaintiff itemized his damages as follows:
“Loss .of five (S) heifers.$1,000.00
Loss of time and expenses in seeking lost cattle. 1Ó0.00
Damage to land by Defendant’s employees and .its equipment and vehicles, and damage to . pasture . 250.00
Loss of use of pasture and interference with drainage and water . 150.00
Damage to timber and growth on said land. 500.00
Destruction of petitioner’s orchard ... 150.00'•
Total $2,150.00”'
Before judgment plaintiff entered a remit-titur in the sum of $200.00, thereby reducing the total amount of his claim to $1,950.00.-
At the close of trial on the merits defendant filed a plea of prescription of one year against plaintiff’s claims on the basis that they arose in tort.
This case concerns purely issues of fact and a voluminous record containing almost 400 pages of testimony reflects violent differences and conflicts as between the contentions of plaintiff and defendant.
Briefly summarizing the claims of the parties we find that plaintiff contends that his cattle were permitted to escape from his fenced pasture through a gap which had been ■ constructed by defendant’s employees and by them had been left unfastened. In further support of this contention plaintiff showed that his pasture gate was kept locked and that it had not been opened on or about the date of August 20, 1949, when the cattle were alleged to have strayed from the pasture. Plaintiff, who is a substantial dairy farmer. ■ of Ouachita Parish, had twelve head of -high grade Jersey heifers in the pasture at the time. All of the cattle escaped-from the pasture and only seven were recovered. After diligent search both by plaintiff and by representatives of defendant company, no trace was found of the five head, and *458 they were never recovered. The remainder of plaintiff’s claims are concerned, as reflected by the itemized statement above set forth, with damages to the land, with the exception of the item for loss of time and expense in searching for the lost cattle. It is claimed that defendant’s trucks and equipment made roadways through plaintiff’s pasture resulting in deep ruts and holes; that defendant kept a substantial amount of heavy equipment on a portion of plaintiff’s land; that defendant’s equipment destroyed a plum orchard and seriously damaged young timber,- as well as the grass on -the pasture. •
Defending against plaintiff’s 'claims the defendant has attempted to show that the cattle did not stray out of the pasture through any gap constructed by defendant’s employees and that they must have escaped in some other way or -been removed by plaintiff himself or at his order. In answer to the charges with respect to- damage to land, etc., defendant showed that the clean-up operations following the construction work had been conducted with the most meticulous regard for plaintiff’s interest ; that the roadways which had been used were dragged, disked, sodded and resowed with Bermuda and Lespedeza and, in short, that every precaution had been taken and every effort made to repair what small evidences of damage existed.
The testimony introduced on the part of plaintiff and defendant respectively is irreconcilable. We note that the District Judge disposed of the case in an opinion of approximately half a page, and we are disinclined to- devote much more space to what would be a futile discussion .of details.
We think plaintiff has signally failed to prove any of his claims with the exception of the- claim for the loss of cattle. This item is bitterly disputed, but' on the whole plaintiff’s evidence preponderates both in quantity, quality and by all rules of reason.
A substantial portion of the record was devoted to the attempt to discredit one of defendant’s witnesses who had narrated a very damaging story concerning the removal of cattle by truck from plaintiff’s pasture. Without passing upon the credibility of this witness we need only say that we think he was in error.
With respect to the value of the cattle alleged to have been lost through fault of the defendant, we do not find that any serious dispute exists, upon this point and the fixing of the sum of $200.00 per head is completely justified under the facts adduced.
Since- the loss of the -cattle occurred within the year -prior to filing of suit, the plea of prescription by defendant would not -be applicable thereto. And," in view of o-ur finding on the merits with respect to the other claims, no purpose would be served by. passing upon the plea of prescription.
For the reasons assigned the judgment appealed from is affirmed . at appellant’s cost.